UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| A.D., individually and as mother and next friend of K.D., a minor, and K.D., a minor; <br><br>        Plaintiffs <br><br>    v. <br><br><br> MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101; SPENCER BYRD, individually and agent of Meridian Community Unit School District 101; TIM TURNER,  individually and agent of Meridian Community Unit School District 101; DORLISSA CHERRY, individually and agent of Meridian Community Unit School District 101;  MELISSA MCCUTCHEN-WILLIAMS, individually and agent of Meridian Community Unit School District 101;  TAMARA MCCUTCHEN, individually and agent of Meridian Community Unit School District 101;  VICTOR BAKER, individually and agent of Meridian Community Unit School District 101;  LAWANDA GREEN, individually and agent of Meridian Community Unit School District 101; MIKE HILEMAN, individually and agent of Meridian Community Unit School District 101; MELODY SPAULDING, individually and agent of Meridian Community Unit School District 101; JAMIE NICHOLS,  individually and agent of Meridian Community Unit School District 101; and DEON CHERRY; <br><br><br>      Defendants. | CIVIL NO. <br><br><br><br><br> **JURY TRIAL REQUESTED** |

# COMPLAINT

Plaintiffs A.D., individually and as mother and next friend of K.D., a minor; and K.D., a minor, by and through their attorneys, Seidman Margulis & Fairman, LLP, and complaining against Defendants, MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101; SPENCER BYRD, individually and agent of Meridian Community Unit School District 101; TIM TURNER,  individually and agent of Meridian Community Unit School District 101; DORLISSA CHERRY, individually and agent of Meridian Community Unit School District 101; MELISSA MCCUTCHEN-WILLIAMS, individually and agent of Meridian Community Unit School District 101;  TAMARA MCCUTCHEN, individually and agent of Meridian Community Unit School District 101;  VICTOR BAKER, individually and agent of Meridian Community Unit School District 101;  LAWANDA GREEN, individually and agent of Meridian Community Unit School District 101;  MIKE HILEMAN,  individually and agent of Meridian Community Unit School District 101; MELODY SPAULDING, individually and agent of Meridian Community Unit School District 101; JAMIE NICHOLS, individually and agent of Meridian Community Unit School District 101; and DEON CHERRY; state as follows:

## I.  NATURE OF ACTION

1.      This cause of action arises out of the sexual assault, sexual harassment, abuse, bullying, assault, and other unlawful treatment of K.D., caused by Defendants, connected with K.D.'s attendance at Meridian High School.

2.      This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law and through state law claims of willful and wanton conduct and intentional infliction of emotional distress, of K.D.'s rights as secured by the United States Constitution.

3.      This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983,

the Fourteenth Amendment to the United States Constitution, and Illinois state law claims of willful and wanton conduct and intentional infliction of emotional distress, against Defendants MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101; SPENCER BYRD, individually and agent of Meridian Community Unit School District 101; TIM TURNER,  individually and agent of Meridian Community Unit School District 101; DORLISSA CHERRY, individually and agent of Meridian Community Unit School District 101;  MELISSA MCCUTCHEN-WILLIAMS, individually and agent of Meridian Community Unit School District 101; TAMARA MCCUTCHEN, individually and agent of Meridian Community Unit School District 101;  VICTOR BAKER, individually and agent of Meridian Community Unit School District 101;  LAWANDA GREEN, individually and agent of Meridian Community Unit School District 101; MIKE HILEMAN,  individually and agent of Meridian Community Unit School District 101; MELODY SPAULDING, individually and agent of Meridian Community Unit School District 101; JAMIE NICHOLS, individually and agent of Meridian Community Unit School District 101 (Hereinafter these defendants collectively will be referred to as "District 101 and its Agents").

4.     This cause of action is for money damages against Defendant DEON CHERRY for battery.

5.     This action is brought by a former student at Meridian High School located in Mounds, Illinois, by and through her mother. This student was forced to endure sexual assault, sexual harassment, and battery, by a non-student adult, Cherry, who was allowed on school premises and affirmatively given permission to take K.D. away from school and/or school-sponsored events such as athletic practice and/or athletic contest, in which K.D. participated.

6.     K.D. was forced to endure sexual harassment, bullying, and other unlawful treatment by other students, part of a longstanding and prevalent culture of bullying and harassment, known to Defendants District 101 and its Agents.

## II.     JURISDICTION AND VENUE

7.     Jurisdiction over Plaintiffs' federal law claims is founded upon 28 U.S.C. § 1331

(federal question jurisdiction), 28 U.S.C. § 1343(a)(3) (federal civil rights jurisdiction), and supplemental jurisdiction over Illinois state law claims under 28 U.S.C. §1367.

8.     Upon information and belief all Defendants reside in this Federal District, the Southern District of Illinois.

9.      The incidents giving rise to this action occurred in Pulaski County, Illinois.

### III.     PARTIES AND PREFATORY FACTS

10.     At the time of the occurrences alleged in this Complaint, A.D. was a resident of Mounds, Illinois.  She brings this action on her own behalf and as guardian for her daughter, K.D., a minor.

11.     At the time of the occurrences alleged in this Complaint, K.D., a minor, was a resident of Mounds, Illinois.

12.     Defendant MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101 is a public entity operating under Illinois law as a school district.

13.     Defendant SPENCER BYRD was an employee and agent of MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101 (hereinafter "District 101"), specifically the superintendent of District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop sexual harassment, bullying, and sexual assault, and to discipline the perpetrators for such conduct if they are students.

14.     Defendant TIM TURNER was an employee and agent of District 101, specifically the principal of Meridian High School, in District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop sexual harassment, bullying, and

4

sexual assault, and to discipline the perpetrators for such conduct if they are students.

15.    Defendant DORLISSA CHERRY was an employee and agent of District 101, specifically an elementary school teacher Meridian Elementary School, in District 101, which shares premises with Meridian High School, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop sexual harassment, bullying, and sexual assault, and to discipline the perpetrators for such conduct if they are students, and/or an obligation to refrain from encouraging her adult non-student son, DEON CHERRY, in his interactions with students of District 101 on District 101 premises or at official District 101 events.

16.    Defendant MELISSA MCCUTCHEN-WILLIAMS was an employee and agent of District 101, specifically a counselor at District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

17.    Defendant TAMARA MCCUTCHEN was an employee and agent of District 101, specifically an elementary school teacher Meridian Elementary School, in District 101, which shares premises with Meridian High School, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

18.     Defendant VICTOR BAKER was an agent of District 101, specifically a teacher's aide and athletic coach at Meridian High School, in District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101 under his charge, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop sexual harassment, bullying, and sexual assault, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

19.     Defendant LAWANDA GREEN was an employee and agent of District 101, specifically a teacher at Meridian High School, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

20.     Defendant MIKE HILEMAN was an agent of District 101, specifically the president of the Board of Education of District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

21.     Defendant MELODY SPAULDING was an agent of District 101, specifically a member of the Board of Education of District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting

Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

22.     Defendant JAMIE NICHOLS was an agent of District 101, specifically a member of the Board of Education of District 101, at all times relevant to this Complaint; and in such role Defendant had a duty to supervise and protect the safety of students of District 101, including but not limited to a duty to report any allegations of sexual abuse of a student to appropriate authorities for investigation, pursuant to the Abused and Neglected Child Reporting Act, 325 Ill. Comp. Stat. 5/1 *et seq*, and/or an obligation to stop known sexual harassment, bullying, and sexual assault of a student.

23.     At all times relevant to this Complaint, Defendant DEON CHERRY was an adult and former student of District 101 schools. At all times relevant to this Complaint, Defendant DEON CHERRY was not a student at any District 101 school.

## IV.     FACTUAL ALLEGATIONS

24.     Upon information and belief, District 101 has had longstanding issues involving sexual harassment, bullying, and/or sexual assault of its students.

25.     Upon information and belief, District 101 administrators and teachers have had longstanding knowledge of said sexual harassment, bullying, and/or sexual assaults to the extent that an agent of Defendant District 101 described Meridian High School's culture as a "bullying culture."

### District 101 Policy

26.     Defendant District 101's policies require "[a]ny District employee who suspects or receives knowledge that a student may be an abused or neglected child [. . .] shall: (1) immediately report or cause a report to be made to the Illinois Department of Children and Family Services (DCFS) [. . .] and (2) follow directions given by DCFS concerning filing a written report within 48 hours with the nearest DCFS field office. The employee shall also promptly notify the Superintendent or Building Principal that a report has been made. The Superintendent or Building Principal shall immediately coordinate any necessary notifications to

the student's parent(s)/guardian(s) with DCFS, the applicable school resource officer (SRO), and/or local law enforcement." Meridian CUSD 101 Pulaski County Policy Manual, Section 5:90, Abused and Neglected Child Reporting.

27.     Defendant District 101's policies require that its employees be trained in the detection, reporting, and prevention of child abuse and neglect. Id.

28.     Defendant District 101's policies require each individual board member to, "if an allegation is raised to the member during an open or closed Board meeting that a student is an abused child as defined in the Act, direct or cause the Board to direct the Superintendent or other equivalent school administrator to comply with the Act's requirements concerning the reporting of child abuse." Id.

29.     Defendant District 101's policies specifically prohibit harassment and bullying, and intimidation during any school-sponsored activity. Id at 7:180, 7:20, 7:190

30.     Defendant District 101's policies require Defendant District to "conduct[ ] a prompt and thorough investigation of alleged incidents of bullying, intimidation, or harassing behavior, (b) provid[e] each student who violates one or more of these policies with appropriate consequences and remedial action, and (c) protect[ ] students against retaliation for reporting such conduct."

31.     Defendant District 101's policies, as well as Illinois law, require that teachers and other District employees maintain discipline and to establish a process for District 101 agents to report alleged acts of bullying, intimidation, harassment, and other acts of actual or threatened violence. Id. at 7:180.

32.     Defendant District 101's policies require that ongoing monitoring take place of bullying, including the collection an analysis of data on the nature and extent of bullying in District 101 schools, as well as an assessment of the effectiveness of the District's strategies, programs, and procedures with respect to bullying, and that the results of such assessments be reported to the District 101 Board of Education along with recommendations to enhance effectiveness.

33.     Upon information and belief, the aforementioned Defendant District 101's policies governed the behavior of school athletic coaches and teaching aides, in addition to District 101 employees.

<u>K.D.</u>

34.     K.D. attended District 101 schools including Meridian High School on and before the 2015-2016 school year.

35.     K.D. participated in the Meridian High School interscholastic athletic volleyball program during this school year.

36.     On or about February 15, 2016, and for a period of time prior thereto, K.D. had been bullied, intimidated, and/or harassed by Meridian High School students. This bullying, intimidation, and/or harassment of K.D. by Meridian High School students included, but was not limited to the following:

  a.  Students making unwanted, harmful and/or painful contact with K.D. at school;

  b.  Students threatening to make unwanted harmful and/or painful contact with K.D. at school;

  c.  Students referring to K.D. as "the bitch" and other offensive terms;

  d.  Students posting bullying and/or harassing social media posts about K.D., including but not limited to vulgar and offensive remarks about K.D.'s genitalia;

  e.  Students spreading false rumors about K.D.;

  f.  Students threatening violence against K.D. for reporting abuse and/or harassment, including the threat of gang retaliation from a group of students who professed to be members of a gang.

37.     On or about February 15, 2016, and continuing at least through April 2016, District 101 and its Agents were made aware of the aforesaid bullying, intimidation, and/or harassment of K.D. by Meridian High School students.

38.     In spite of the foregoing, the students that took part in the aforesaid bullying, intimidation, and/or harassment were not disciplined adequately, if at all.

39.     In approximately February 2016, several agents of District 101, including but not limited to Defendants MELISSA MCCUTCHEN-WILLIAMS, VICTOR BAKER, LAWANDA GREEN, and TAMARA MCCUTCHEN, were made aware by A.D. that the adult non-student DEON CHERRY had become engaged in, or was attempting to become engaged in a sexual relationship with the minor K.D.

40.     In response to A.D.'s statements to these agents of District 101, the agents of District 101 responded that they did not believe DEON CHERRY would become engaged in a sexual relationship with a minor girl, because "he likes boys."

41.     At or before this time, on multiple occasions, DEON CHERRY had entered Meridian High School, which required that he be affirmatively allowed to enter by District 101 personnel.

42.     On these occasions in which DEON CHERRY had entered Meridian High School, there was no reason to allow the adult non-student into the school that would justify his presence in the school.

43.     On one or more occasion DEON CHERRY spent time in the cafeteria, in the hallways, and in the gym of the Meridian High School premises.

44.     On one or more occasion DEON CHERRY visited his mother, DORLISSA CHERRY, in Meridian Elementary School, which shares premises with Meridian High School.

45.     Upon information and belief, DORLISSA CHERRY encouraged DEON CHERRY to seek access to Meridian Elementary School, which shares premises with Meridian High School.

46.     On one or more of the occasions in which DEON CHERRY was granted access by District 101 agents into Meridian High School, he spoke to, made sexual advances towards, and/or made contact with K.D.

47.     On one or more of the occasions in which DEON CHERRY was admitted by District 101 personnel into Meridian High School, his behavior made immediately obvious that he was involved in, and/or was seeking involvement in, a sexual relationship with minor K.D.

48.     District 101 and its Agents were aware that District 101 had granted DEON CHERRY access to Meridian High School's premises and students, and that DEON CHERRY had spoke to, made inappropriate sexual advances, and/or contact with K.D.

49.     Subsequently, A.D. became aware that District 101 had been discharging K.D. into DEON CHERRY's physical custody at school-sponsored events such as athletic events, after which DEON CHERRY had been leaving with K.D. in his physical custody.

50.     A.D. specifically instructed District 101, by and through its agents, to no longer discharge K.D. into DEON CHERRY's physical custody after school-sponsored events, including an interscholastic volleyball event, and further specified a list of individuals for whom A.D. approved of leaving school-sponsored events with K.D. in their custody.

51.     In spite of A.D.'s instructions to Defendants, on or about March 2, 2016, Defendants discharged K.D. to the custody of DEON CHERRY at an interscholastic volleyball event, and DEON CHERRY subsequently left the event with K.D. in his custody.

52.     Subsequent to taking physical custody of the minor K.D. at the interscholastic volleyball event, upon information and belief DEON CHERRY committed one or more sexual acts to minor K.D.

### COUNT 1 – WILFUL AND WANTON CONDUCT
**(A.D., individually and as parent and next friend of K.D., a minor vs. District 101 and its Agents)**

53.     Plaintiffs incorporate by reference paragraphs 1 through 52, as if fully set forth herein.

54.     During the 2015-2016 academic year, District 101 and its Agents had a duty to supervise and protect the physical safety of Meridian High School students and to refrain from acting with utter indifference and/or conscious disregard for the safety of District 101 students attending Meridian High School, including K.D.

55.     District 101 and its Agents breached their duty to K.D. in one or more of the following ways, in that they:

a. Engaged in a course of action of affirmatively granting DEON CHERRY, an adult and non-student, access to minor students on school premises and/or at school sanctioned events;

b. Engaged in a course of action of affirmatively granting DEON CHERRY, an adult and non-student, access to minor students on school premises and/or at school sanctioned events when they had actual knowledge that DEON CHERRY had been engaged in and/or was imminently attempting to engage in a sexual relationship with one or more minor students;

c. Engaged in a course of action of encouraging DEON CHERRY, an adult and non-student, to seek access to Meridian Elementary School, which shares premises with Meridian High School;

d. Engaged in a course of granting DEON CHERRY physical custody of K.D. at school-sponsored events, and subsequently allowing DEON CHERRY to leave the events with K.D. in his physical custody, when A.D. had requested that Defendants not do so;

e. Knew or should have known that by electing to engage in a course of action of repeatedly electing to not adequately supervise their charges, acts of bullying, abuse, harassment, and sexual assault could and likely were to occur and go unnoticed;

f. Knew of the bullying, abusive, harassing, and sexually assaulting behaviors taking place with respect to K.D., and engaged in a course of action of repeatedly failing to take appropriate, or any, actions to stop the same;

g. Knew or should have known that by their course of action of repeatedly electing to not adequately supervise their charges, such acts of bullying, abuse, harassment, and sexual assault were likely to occur and would be directed at K.D.;

h. Recklessly elected a course of action of repeatedly failing to inform the proper authorities or administration of the bullying, abuse, harassment, and sexual assault

that had been directed at K.D., in violation of 720 ILCS 12C-50.1 and 325 ILCS 5/1 *et seq*;

i.    Engaged in a course of action of recklessly and/or consciously disregarding the substantial risks posed by not adequately supervising students that it was aware had been bullying, abusing, harassing, and/or sexually assaulting K.D.;

j.    Engaged in a course of action of recklessly and/or consciously disregarding the substantial risk that actions were being perpetrated against K.D. constituting criminal acts on school property, when they had prior knowledge of such risk;

k.    Engaged in a course of action of recklessly and/or consciously disregarding the substantial risk that actions were perpetrated against K.D. constituting criminal acts while at school-sanctioned events, when they had prior knowledge of such risk; and

l.    Were otherwise willful and wanton in their conscious disregard of the safety of Plaintiff.

56.    As a direct and proximate result of these willful and wanton acts and/or omissions, K.D. sustained serious injuries and suffered severe emotional distress.

WHEREFORE, Plaintiffs, A.D., individually and as mother and next friend of K.D., a minor, and K.D., a minor, pray for judgment against Defendants MERIDIAN COMMUNITY UNIT SCHOOL DISTRICT 101, SPENCER BYRD, TIM TURNER, DORLISSA CHERRY, MELISSA MCCUTCHEN-WILLIAMS, TAMARA MCCUTCHEN, VICTOR BAKER, LAWANDA GREEN, MIKE HILEMAN, MELODY SPAULDING, and JAMIE NICHOLS, for money damages in excess of seventy five thousand dollars ($75,000.00), interest on damages awarded, and costs incurred in bringing this action.

## COUNT 2 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (A.D., individually and as parent and next friend of K.D., a minor vs. District 101 and its Agents)

13

57.     Plaintiffs incorporate by reference paragraphs 1 through 52, as if fully set forth herein.

58.     Defendants District 101 and its Agents had a duty to refrain from acting with extreme and outrageous conduct towards the students in their charge, including K.D.

59.     While K.D. was their charge, Defendants District 101 and its Agents engaged in extreme and outrageous conduct by abuse, including sexual abuse, bullying, harassment, and sexually assaulting behaviors endured by K.D., despite possessing information and/or witnessing events that gave them knowledge of the same; tolerating sexual abuse, bullying, harassment, and sexually assaulting behaviors in direct violation of district policy; electing to not observe, supervise or investigating allegations of sexual abuse, bullying, harassment, and sexually assaulting behaviors to K.D.; allowing students who engaged in sexually abusive, bullying, harassing, and sexually assaulting behaviors to remain at the school with access to K.D.; not taking requisite appropriate action to discipline students involved in sexually abusive, bullying, harassing, and sexually assaulting behaviors directed towards K.D.; affirmatively granting DEON CHERRY, an adult and non-student, access to the school's minor students during school hours and/or during school sanctioned events; providing little or no solution to A.D.'s concerns about K.D.'s safety.

60.     Defendants District 101 and its Agents recklessly or consciously disregarded the probability of causing emotional distress to K.D.

61.     Defendants District 101 and its Agents acted with willfulness, maliciousness, and with knowledge of or with conscious disregard of the harm that would be inflicted upon K.D. by the aforementioned acts and omissions.

62.     As a direct and proximate result of the acts and omissions set forth above, K.D.

14

has been damaged in that she suffered and continues to suffer severe mental and emotional

distress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent

damage to her social and emotional well-being and has impaired her ability to function at a level

at which she could reasonably have been expected to function.

WHEREFORE, Plaintiffs, A.D., individually and as mother and next friend of K.D., a minor,

and K.D., a minor, pray for judgment against Defendants MERIDIAN COMMUNITY UNIT

SCHOOL DISTRICT 101, SPENCER BYRD, TIM TURNER, DORLISSA CHERRY,

MELISSA MCCUTCHEN-WILLIAMS, TAMARA MCCUTCHEN, VICTOR BAKER,

LAWANDA GREEN, MIKE HILEMAN, MELODY SPAULDING, and JAMIE NICHOLS, for

money damages in excess of seventy five thousand dollars ($75,000.00), interest on damages

awarded, and costs incurred in bringing this action.

### COUNT 3 – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983: SUBSTANTIVE DUE PROCESS
**(A.D., individually and as parent and next friend of K.D., a minor vs. Spencer Byrd, Tim Turner, Dorlissa Cherry, Melissa McCutchen-Williams, Tamara McCutchen, Victor Baker, Lawanda Green, Mike Hileman, Melody Spauling, and Jamie Nichols)**

63.     Plaintiffs incorporate by reference paragraphs 1 through 52, as if fully set forth

herein.

64.     K.D. has and had at all relevant times a clearly established right to be free from

illegal practices and policies while attending public school.

65.     At all relevant times, Defendants Spencer Byrd, Tim Turner, Dorlissa Cherry,

Melissa McCutchen-Williams, Tamara McCutchen, Victor Baker, Lawanda Green, Mike

Hileman, Melody Spauling, and Jamie Nichols (hereinafter "Agents of District 101") were acting

under color of state law.

66.     The actions and omissions of Defendants Agents of District 101, as described

above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

67.    As a result of Defendants' actions, K.D. suffered a deprivation of her rights secured to her by the Fourteenth Amendment to the United States Constitution and is thus entitle to an award of monetary damages from the individual defendants, Agents of District 101.

68.    District 101's written policies and procedures, undertaking to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 101 agents, including defendants Agents of District 101.

69.    District 101 policy was not followed by Defendant Agents of District 101 in that they:

    a.    Upon information and belief failed to report suspected abuse to DCFS with respect to the bullying, intimidation, and harassment of K.D.;

    b.    Upon information and belief failed to report suspected abuse of K.D. by DEON CHERRY;

    c.    Failed to adequately train employees in the detection reporting, and prevention of abuse;

    d.    MIKE HILEMAN, MELODY SPAULING, and JAMIE NICHOLS failed to direct the Superintendent to report child abuse;

    e.    Allowed harassment, bullying, and intimidation during school-sponsored activities;

    f.    Failed to appropriately investigate the incidents of bullying, intimidation, or harassing behavior directed towards K.D., failed to provide each violating student with appropriate consequences and remedial action, and failed to provide protection to reporting students against retaliation;

g. Failed to maintain discipline and failed establish an adequate process for reporting of acts of bullying, intimidation, harassment, and other acts of actual or threatened violence;

h. Upon information and belief failed to conduct ongoing monitoring of bullying, including data collection and analysis, resulting in a report with recommendations to the school board.

70. In the foregoing ways, District 101 policy, and thereby Illinois law contained in the Bullying Prevention Act, was not followed at Meridian High School with respect to K.D., and in these acts and omissions Defendants Agents of District 101 were deliberately indifferent to K.D. and her deprivation of rights.

71. Illinois law was not followed by Defendants Agents of District 101 in that each or those defendants:

a. Failed to inform the authorities or administration of the danger posed to K.D. by harassment, bullying, and intimidation, in violation of 720 ILCS 12C-50.1 and 325 ILCS 5/1; and

b. Failed to inform the authorities or administration of the danger posed to K.D. by DEON CHERRY, in violation of 720 ILCS 12C-50.1 and 325 ILCS 5/1.

72. Upon information and belief, DORLISSA CHERRY encouraged DEON CHERRY to seek access to Meridian Elementary School, which shares premises with Meridian High School, with deliberate indifference to K.D.'s safety;

73. Defendants MELISSA MCCUTCHEN-WILLIAMS, VICTOR BAKER, LAWANDA GREEN, and TAMARA MCCUTCHEN failed to take any action to revoke DEON CHERRY's access to Meridian High School with deliberate indifference to K.D.'s safety;

74. Defendants SPENCER BYRD and TIM TURNER failed to take any action to revoke DEON CHERRY's access to Meridian High School with deliberate indifference to

17

K.D.'s safety;

75.     Defendant VICTOR BAKER acted with deliberate indifference to K.D.'s safety by allowing DEON CHERRY to take physical custody of K.D. at school-sponsored events, in spite of warnings from A.D. to not transfer physical custody of K.D. to DEON CHERRY;

76.     Due to the foregoing acts and omissions, Defendants, Agents of District 101 created, and/or substantially contributed to the creation of, a danger to K.D.

77.     As a direct and proximate result of the acts and omissions set forth above, K.D. suffered a deprivation of her rights secured to her by the Fourteenth Amendment t eh United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants, Agents of District 101.

78.     As a direct and proximate result of the acts and omissions set forth above, K.D. has been damaged in that she suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent damage to her social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendants, Agents of District 101.

WHEREFORE, Plaintiffs, A.D., individually and as mother and next friend of K.D., a minor, and K.D., a minor, pray for judgment against Defendants SPENCER BYRD, TIM TURNER, DORLISSA CHERRY, MELISSA MCCUTCHEN-WILLIAMS, TAMARA MCCUTCHEN, VICTOR BAKER, LAWANDA GREEN, MIKE HILEMAN, MELODY SPAULDING, and JAMIE NICHOLS, for money damages in excess of seventy five thousand dollars ($75,000.00), interest on damages awarded, and costs incurred in bringing this action.

### COUNT 3 – CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983 (MONELL CLAIM)
**(A.D., individually and as parent and next friend of K.D., a minor vs. District 101)**

79.     Plaintiffs incorporate by reference paragraphs 1 through 52, as if fully set forth herein.

80.     Defendant District 101 engaged in the frequent, widespread custom, and *de facto*

official policy, of failing to protect students from, or report, bullying, abuse, or harassment, a practice stemming from District 101's "bullying culture[,]" as described by an agent of District 101.

81.     District 101 policy-making officers knew of and/or affirmatively contributed to the existence of this widespread custom, and *de facto* official policy.

82.     Defendant District 101 engaged in the widespread practice, and *de facto* official policy, of frequently granting adult non-students access into Meridian High School and school-sponsored events.

83.     Upon information and belief, District 101 policy-making officers knew of and/or affirmatively contributed to this widespread practice, and *de facto* official policy.

84.     K.D. has and had at all relevant times a clearly established right to be free from illegal practices and policies while attending public school.

85.     The actions and omissions of Defendant District 101, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

86.     As a result of Defendants' actions, K.D. suffered a deprivation of her rights secured to her by the Fourteenth Amendment to the United States Constitution and is thus entitled to an award of monetary damages from Defendant District 101.

87.     District 101's written policies and procedures, undertaking to implement and comply with Illinois' Bullying Prevention Act (105 ILCS 5/27-23.7), establish a minimum standard of conduct for District 101 policy-makers.

88.     District 101 policy was not followed by Defendant District 101 in that it failed to direct the Superintendent to report child abuse.

89.     In the foregoing way, District 101 policy, and thereby Illinois law contained in the

Bullying Prevention Act, was not followed at Meridian High School with respect to K.D., and in these acts and omissions Defendant District 101 was deliberately indifferent to K.D. and her deprivation of rights.

90.     Illinois law was not followed by District 101 in that it:

    a.     Failed to inform the authorities of the danger posed to K.D. by harassment, bullying, and intimidation, in violation of 720 ILCS 12C-50.1 and 325 ILCS 5/1; and

    b.     Failed to inform the authorities of the danger posed to K.D. by DEON CHERRY, in violation of 720 ILCS 12C-50.1 and 325 ILCS 5/1.

91.     District 101 failed to take timely action to revoke DEON CHERRY's access to Meridian High School and school sponsored events, when, upon information and belief, it had knowledge of such access.

92.     In the foregoing acts and omissions Defendant District 101 was deliberately indifferent to K.D. and her deprivation of rights.

93.     Due to the foregoing acts and omissions, Defendant District 101 created, and/or substantially contributed to the creation of, a danger to K.D.

94.     As a direct and proximate result of the acts and omissions set forth above, K.D. suffered a deprivation of her rights secured to her by the Fourteenth Amendment the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants, Agents of District 101.

95.     As a direct and proximate result of the acts and omissions set forth above, K.D. has been damaged in that she suffered and continues to suffer severe mental and emotional distress, humiliation, shame, embarrassment, fear, and anxiety that has resulted in permanent damage to her social and emotional well-being, and is thus entitled to an award of monetary damages from the individual Defendant District 101.

WHEREFORE, Plaintiffs, A.D., individually and as mother and next friend of K.D., a

minor, and K.D., a minor, pray for judgment against Defendant MERIDIAN COMMUNITY

UNIT SCHOOL DISTRICT 101, for money damages in excess of seventy five thousand dollars

($75,000.00), interest on damages awarded, and costs incurred in bringing this action.

## COUNT 4 – BATTERY
### (Plaintiffs vs.  Defendant DEON CHERRY)

96.     Plaintiff repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

97.     Illinois common law defines civil battery as the willful touching of another

person, without that person's consent.  Pechan v. Dynapro, Inc., 251 Ill. App. 3d 1072, 1084 (Ill.

App. Ct. 1993).

98.     During the 2015-2016 school year, Defendant DEON CHERRY, an adult,

engaged in criminal unconsented sexual contact with minor, K.D.

99.     The foregoing constituted harmful physical contact.

100.     The foregoing harmful physical contact by Defendant DEON CHERRY against

Plaintiff A.D. constituted battery.

101.     At no time was K.D., a minor, lawfully able to consent to the aforementioned

sexual contact.

102.     As a proximate result of Defendant's illegal battery, the minor K.D. has suffered

damages, including special and general damages according to proof.

WHEREFORE, Plaintiffs, A.D., individually and as mother and next friend of K.D., a

minor, and K.D., a minor, pray for judgment against Defendant MERIDIAN COMMUNITY

UNIT SCHOOL DISTRICT 101, for money damages in excess of seventy five thousand dollars

($75,000.00), interest on damages awarded, and costs incurred in bringing this action.

## COUNT 5 – ILLINOIS FAMILY EXPENSE ACT
### (Plaintiff A.D. vs. All Defendants)

103.    Plaintiff A.D. repeats and realleges all preceding paragraphs, inclusive as if they were fully set forth herein.

104.    All Defendants are liable to Plaintiff K.D. for causing personal injuries, for which A.D. has incurred medical expenses.  This liability is based in Counts One through Four of this Complaint.

105.    The Family Expense Act provides a cause of action for reimbursement for medical expenses paid by parents of a minor child for the minor's treatment where a defendant is liable to the minor.  750 ILCS 65/15.

106.    Under the Family Expense Act, Plaintiff A.D.  has become liable for medical expenses incurred by K.D. caused by Defendants' liability relating to the damages sustained by K.D., a minor.

WHEREFORE, Plaintiff, A.D., prays for judgment against all Defendants, pursuant to the Family Expense Act, 750 ILCS 65/15, for medical expenses of the Plaintiff, K.D., a minor.

## V.    JURY DEMAND

Plaintiffs hereby demand that this matter be tried to a jury.

Respectfully Submitted,

SEIDMAN MARGULIS & FAIRMAN, LLP

/s/ Daniel R. Seidman                              .
Attorney for Plaintiffs

SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
f: (224) 603-8345
No. 6308142
dseidman@seidmanlaw.net